## Randolph et al. vs. Thomas.

The offering of the debtor's land in small quantities at an execution sale, where the debtor had expressed no desire as to the size of the parcels to be offered, the inadequacy of the prices paid, and the accidental detention, from the sale, of a man with whom the execution debtor had made arrangements to pay the executions, are not sufficient grounds to set aside the sales, in the absence of any charge or suspicion of fraud on the part of the sheriff in selling the property, or of the purchasers in buying it.

*Appeal from Desha Circuit Court.*

Hon. John C. Murray, Circuit Judge.

Harding and Weatherford, for the appellants.

Hutchinson, for the appellee.

Mr. Justice Fairchild delivered the opinion of the court.

Several executions had been issued from the office of the clerk of the circuit court of Desha county against Bryant W. Thomas, that had been levied on wild lands and town property, and upon which sales were advertised to take place on Monday, the 26th of November, 1860, the first day of the term of the circuit court. In pursuance with the previous legal requisites, the property was exposed to sale, and was sold in parcels, and for small sums, to different persons. At the same term of the court, after some of the purchasers had obtained deeds for their lands, and before others had been able to procure their deeds from the sheriff, Thomas presented a petition for the quashal of the sales, offering in it to refund to the purchasers the amount of their respective payments. The petition was resisted by the

purchasers, but the court sustained it in setting the sales aside, from which determination an appeal was taken; and it is for this court to decide whether the sales of the sheriff, or the decision of the circuit court shall be upheld.

It may be here remarked, that the acts of the sheriff in selling the property, and of the purchasers in buying it, are unaffected by any charge or suspicion of fraud; that the sheriff did only his duty in offering the property for sale, and that the purchasers exercised but a legal privilege in bidding for and buying the property exposed to sale. Nothing is alleged against even the discretion of the sheriff, but that he offered the lands in too small quantities, in selling them in forty acre pieces, instead of offering them in large bodies. And no fraud is charged in the petition against the purchasers, except it is to be inferred from their obtaining the lands of the petitioner at prices which sacrificed them.

The faulty division of the lands in small parcels, the inadequacy of the prices paid for the property by the purchasers, and the accidental detention from the sale, of the man with whom the petitioner had arranged that the money called for by the executions should be paid, are the only grounds which we need consider in the determination of the case.

By our law, when an execution is levied on real estate, the property is to be divided when it can be, unless the defendant in the execution shall desire the whole of a tract or lot of land to be sold together. *Gould's Dig.*, *chap.* 68, *sec.* 54. This provision is made for the benefit of the defendant, that no more land need be sold than is necessary to satisfy the execution, and to enable persons of small means to buy; thus increasing the number of bidders, and the probabilities of the higher prices that result from extended competition. The sheriff acted strictly according to our statute, and in accordance with the law upon general principles. *Rowley vs. Brown*, 1 *Bin.* 62; *Ryerson vs. Nicholson*, 2 *Yeates* 517. As the provisions of our statute might be considered as directory only, (*Gould vs. Tatum*, 21 *Ark.* 831, and decisions of this court therein cited; *Groff vs. Jones*, 6 *Wend.*

503) a departure from them for the benefit of all the parties to the execution would save a sale from irregularity, but it is always discreet for an officer to observe the regulations of a directory statute. And our statute affords a strong reason for this, in the privilege it gives to the defendant to direct in what parcels, and in what order, his real estate shall be sold. But in this case, although the allegation is ample, that the lands would have sold better in large bodies than as they were sold, there is no proof to sustain it; and the presence of Thomas at the sale, without making any objection to its being made as the sheriff made it, is conclusive against the position taken in the argument, that the manner of the sale produced a sacrifice of the lands that can have effect upon the validity of the sales against the purchasers.

Inadequacy of price is not, in itself, sufficient ground for setting aside an execution sale, but it may be a reason for requiring the sale to have been strictly regular, and in connection with other facts, may be an ingredient in fixing a charge of fraud upon the purchaser, or in giving a fraudulent character to the sale, as against the officer that conducts it, or against the plaintiff for whose benefit, and at whose instance it is made. Our own decisions are conclusive upon this subject, and might well excuse further examination of the law. *Miller vs. Fraley,* 21 *Ark,* 40; *Hardy vs. Heard,* 15 *Ark.* 189. But the earnestness with which this branch of the case has been argued for the petitioner, the appellee in this court, and the alleged importance and hardship of the case, have induced us to look into the authorities cited for the appellee, and into such cases as the citations have directed our attention. The cases of *Nesbitt vs. Dallam,* 7 *Gill & John.* 512; *Sherry vs. Nick of the Woods,* 1 *Ind. R.* 579, and *Benton vs. Shreve,* 4 *Ib.* 71, affirm the general doctrine, and agree with our decisions, but disaffirm execution sales upon other grounds than the inadequacy of price. In *Swope vs. Ardery,* 5 *Ind. R.* 214, the circumstances of the sale are recited, and it is there stated that, " under these circumstances, it is not very clear but that the sale was void for inadequacy of price."

This is not an authority to overturn the principle announced. In *Nelson vs. Brown*, 23 *Miss.* 21, the plaintiff in the execution was the purchaser at the sale, and was properly held to be affected with notice of its irregularities. And the court expressly say that they " do not maintain that mere inadequacy of price is sufficient to set aside a sheriff's sale."

It is to be borne in mind that in this case there are no circumstances of fraud or irregularity, which can increase or aggravate the effect of mere inadequacy of price; and our examination of the cases cited by the appellee, and of the argument made for him, brings us to the same conclusion upon which the decisions of this court would cause us to rest.

Upon the fact of the inadequacy of the prices at which the lands were sold, there seems to be no doubt but that they were sold at nominal rates, and that the estimate of the value of the lands ranged from five dollars, or something less, to twenty dollars per acre; yet it is also to be remembered that this estimated value is shown by the testimony not to be the market value; that the lands were wild, subject to overflow, burdened with a levee tax of two years, and in the condition of the money market at the time of the sale, were not saleable for cash, at any price, and that the lands brought as much as experienced observers of execution sales could have expected, and as much as they had often noticed lands like those sold to bring at other sales. Upon this branch of the case we are of opinion that the sales cannot be set aside on account of the small sums for which the lands and the real estate were sold.

Thomas had engaged a man from Pine Bluff to be at Napoleon at, or before the time of the sales, for the purpose of paying the debts represented by the executions. The payment of these debts would have been made but for his accidental detention from the sale, by the grounding of a steamboat in the Arkansas river. There are many facts related in the evidence of the witnesses, which might be proper to be taken into consideration, if the accident and its results could have afforded any reason for the interference of the court below with the

sales. But the unfortunate detention, from Napoleon, of the person from whom Thomas was to obtain the means of paying his debts, and of relieving his property, can no more affect the validity of the sales than can the disappointment of any execution debtor, who may fail in his plans or expectations to procure the money necessary to save his property from being sacrificed. Without admitting that accident is a ground of relief in a court of law, it may be stated that Thomas, in order to put himself in a meritorious attitude against the purchasers, ought to have made known, at the sale, his arrangements for paying the executions, and that the default was not voluntary or expected by him. Nothing of this kind did he do. His presence at the sale without any objection to it, without any information of the means he had used to arrest it, and with an assertion that, if he chose to do so, he could pay the debts for which his property was to be sold, could not be considered in any other way than a determination to let the law take its course. That course has been run; the sheriff acted fairly and legally; the bystanders bid, as they had a right to do; the purchasers were not the plaintiffs in the executions, or persons representing them, but third persons, who availed themselves of the public invitation to bid upon the property; the misfortune of the defendant cannot be allowed to unsettle legal principles. The court below erroneously sustained the prayer of the petitioner, and its judgment is reversed.